**In re: Ossie Robert TRADER, Petitioner.**

**No. 07–1336.**

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. P. March 22, 2007.

Filed: April 17, 2007.

Ossie Robert Trader, Beaumont, TX, pro se.

**3.** We also find that the final 84–month sentence was reasonable under the factors set forth in 18 U.S.C. § 3553(a).

BEFORE: McKEE, FUENTES and WEIS, Circuit Judges.

OPINION

PER CURIAM.

Ossie Robert Trader, a federal inmate, petitions for a writ of mandamus pursuant to 28 U.S.C. § 1651 requiring the District Judge to act on his Motion to Dismiss for Violations of the Speedy Trial Act, which he filed in the District Court in March of 1995.

Mandamus is a drastic remedy granted only in extraordinary cases. *See In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005). The petitioner must establish that she has "no other adequate means" to obtain relief and that she has a "clear and indisputable" right to issuance of the writ, *and* the reviewing court must determine that the writ is appropriate under the circumstances. *Id.* at 378–79.

This is Trader's second attempt to revive his Speedy Trial Act claims by petitioning for a writ of mandamus. On January 3, 2006, we denied his first petition because his Motion to Dismiss had been terminated upon entry of his guilty plea and was no longer pending. *See* 161 Fed.Appx. 205 (3d Cir.2006). In the instant petition, Trader asserts that the United States Supreme Court's decision in *Zedner v. United States*, —— U.S. ——, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006), should be applied to invalidate retroactively the termination of his Motion to Dismiss. This is a misreading of *Zedner*, which did nothing to undermine the validity of Trader's guilty plea or the termination of his Motion to Dismiss, and in any event, a mandamus petition would not be an appropriate method for raising such a claim. Accordingly, the petition for a writ of mandamus is denied.[1]

---

1. Petitioner's "Motion pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure Citation of Supplemental Authorities" is granted.